**In the Matter of John D. BODINE.**

No. 71S00–8606–DI–578.

Supreme Court of Indiana.

May 20, 1993.

## ORDER OF REINSTATEMENT

Comes now the Indiana Supreme Court Disciplinary Commission, files its "Recommendation of the Indiana Supreme Court Disciplinary Commission Upon the Petition for Reinstatement of John D. Bodine," and by majority vote recommends that the Petitioner be reinstated to the practice of law upon payment of all costs assessed in this and his prior disciplinary proceedings.

And this Court, being duly advised, now finds that the Commission's recommendation should be approved and that the Petitioner should be reinstated as a member of the Bar of this State.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that John D. Bodine be reinstated as an attorney in this state subject to his payment of all assessed costs.

The Clerk of this Court is directed to forward a copy of this Order to the parties and their attorneys, to the Indiana Board of Law Examiners, and to all parties who were previously notified of this Court's Order accepting Petitioner's resignation from the practice of law.

All Justices concur.

**In the Matter of Perry B. NOBLE.**

No. 10S00–9203–DI–204.

Supreme Court of Indiana.

May 28, 1993.

## ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING

Comes now Perry B. Noble, the Respondent in this pending disciplinary proceeding, and tenders an affidavit of resignation pursuant to Admission and Discipline Rule 23, Section 17.

Upon examination of the matters pending in this case, we find that Respondent's affidavit meets the necessary elements set forth in Admission and Discipline Rule 23, Section 17, that such resignation should be accepted, and, accordingly, that any disciplinary proceeding concerning the Respondent pending in this Court should be concluded.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by this Court that the Respondent, Perry B. Noble, is hereby removed as a member of the Bar of this State and that the Clerk of this Court strike such name from the roll of attorneys. To be eligible for reinstatement at a future date, the Respondent must comply with the provisions of Admission and Discipline Rule 23, Section 4.

IT IS FURTHER ORDERED that, by reason of the resignation of the Respondent, all disciplinary actions relating to the Respondent which have not been adjudicated in this Court are dismissed as moot.

The Clerk of this Court is directed to record this Order under the case number noted in the caption and forward notice of this Order in accordance with the provisions of Admission and Discipline Rule 23, Section 3(d) governing disbarment and suspension.

All Justices concur.